UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G Closed Circuit Events, LLC,<br><br>                                 Plaintiff,<br>v.<br><br>Adolfo Alcaraz Castillo, individually and d/b/a El Roca Mar Taco & Sea Food d/b/a JJ's Island Grindz,<br><br>                                Defendant. | Case No.: 20-CV-2114-GPC-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[ECF No. 14]** |

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. ECF No. 14. For the following reasons, the Court **GRANTS** Plaintiff's motion, and awards Plaintiff $3,123.50 in attorneys' fees and $1,819.10 in costs. Further, the Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1) and **VACATES** the hearing on this matter.

### Factual and Procedural Background

Plaintiff G&G Closed Circuit Events is an international distributor of sports and entertainment programming. In 2019, Plaintiff purchased the exclusive rights for domestic commercial exhibition of the broadcast of the Champion Fight Program in

1

1 | which Saul "Canelo" Alvarez faced Sergey Kovalev (hereafter, the "Program").  ECF
2 | No. 10-1 at 7.  As part of Plaintiff's contract securing its broadcasting rights, Plaintiff
3 | was permitted to enter sub-licensing arrangements with commercial establishments that
4 | wished to exhibit the Program to their own clients and patrons.  *Id.*

As set forth in the Court's Order granting Plaintiff's motion for default judgment, the events giving rise to Plaintiff's Complaint took place on November 2, 2019, the night the Program aired.  *See* ECF No. 1.  In the Complaint, Plaintiff alleged that Defendant intercepted and exhibited the fight program without Plaintiff's authorization at Defendant's commercial establishment, El Roca Mar Taco & Sea Food, a restaurant in Chula Vista, California.  ECF No. 10-1 at 7; ECF No. 1 ¶¶ 24-25.  Plaintiff alleged this conduct violated federal and state law, including the Communications Act of 1934, 47 U.S.C. §605, et seq. (ECF No. 1 ¶¶ 18-30), the Cable and Television Consumer protection and Competition Act of 1992, 47 U.S.C. § 553 (ECF No. 1 ¶¶ 31-36), state-law tortious conversion (ECF No. 1 ¶¶ 37-40), and California's Business and Profession's Code Section § 17200 (ECF No. 1 ¶¶ 41-50).

On April 9, 2021, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) against Defendant.  ECF No. 8.  Plaintiff then moved the Court for default judgment against Defendant under Rule 55.  ECF No. 10-1.  Defendant failed to file an opposition to Plaintiff's motion on or before August 13, 2021, or any time before the Court's ruling on the motion for default judgment.  On October 7, 2021, the Court granted Plaintiff's motion.  ECF No. 12.

In the Order granting default judgment, the Court awarded Plaintiff $22,000 in statutory and enhanced damages.  ECF No. 12 at 9-10.  In awarding Plaintiff damages, the Court noted that it was "prepared to award reasonable attorney fees on Plaintiff's forthcoming motion," *id.* at 9, and directed Plaintiff to file a motion for attorneys' fees

within two weeks of the October 7 Order, *id*. at 11.  On October 19, 2021, Plaintiff filed the instant motion, requesting attorneys' fees and costs.  ECF No. 14.

## Discussion

    a.    *Entitlement to Attorneys' Fees Under 47 U.S.C. § 605*

Under 47 U.S.C. § 605, any "aggrieved person" is empowered to bring a civil action in federal court against any person who violates the action.  47 U.S.C. §605(e)(3)(A).  Section 605 requires the district court to award attorneys' fees and costs to a party who brings a civil action under the statute and prevails.  47 U.S.C. § 605(3)(3)(B)(iii) ("The Court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.").  The term "aggrieved person" includes "any person with proprietary rights in the intercepted communication by wire or radio."  47 U.S.C. § 605(d)(6).

The Court finds, as it did in the October 14 Order, that Plaintiff is entitled to an award of full costs, including reasonable attorneys' fees.  At the time of the interception by Defendant, Plaintiff had the exclusive nationwide distribution rights for the Program.  ECF No. 10-2, Gagliardi Decl. ¶ 3.  Because the Court found that Defendant intercepted and exhibited the Program without Plaintiff's authorization at Defendant's commercial establishment, El Roca Mar Taco & Sea Food, on November 2, 2019, Plaintiff is an "aggrieved person" for the purpose of section 605.  *See J & J Sports Productions, Inc. v. Morales*, 2011 WL 6749080, at *3.  Therefore, Plaintiff is entitled to full costs and attorneys' fees.

    b.    *Award of Attorneys' Fees*

"The district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). To calculate the fee award, "the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v.*

*Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).  Further, "the lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained from the litigation." *Id.* (citing *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)).  There is a strong presumption that the lodestar amount is reasonable.  *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).  That presumption may be overcome if there are factors present suggesting the lodestar figure is unreasonable.  *Hensley*, 461 U.S. at 433-34.  As Plaintiff notes, the lodestar method has been used to calculate attorneys' fees under 47 U.S.C. § 605.  ECF No. 14, Pl.'s Mot. (citing *Directv, Inc. v. Atwal*, 2005 WL 1388649 (E.D. Cal. June 8, 2005)).

          i.      Reasonable Hourly Rate

The Court considers "the experience, skill, and reputation fo the attorney requesting the fees" and is "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir. 1995).  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Affidavits of the fee applicant's counsel regarding the prevailing fees in the community and "rate determinations in other cases" are generally "satisfactory evidence of the prevailing market rate." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

In the case before the Court, Plaintiff's counsel, Mr. Riley charges $550.00 per hour.  ECF No. 14-1, Riley Decl. ¶ 6.  Mr. Riley's litigation efforts were supported by a research attorney, whose time is billed at $300.00 per hour, paralegals whose time is

billed at $200.00 per hour, and administrative assistants whose time is billed at $110.00 per hour. *Id.* Plaintiff's counsel owns the law firm, which "specializes in the civil prosecution of commercial signal piracy claims on behalf of closed-circuit distributors of major televised sporting events" and the firm has been engaged in such practice since 1994. *Id.* ¶ 4. Plaintiff's counsel further attests that "[t]his type of work, practiced by only a handful of attorneys across the United States, requires specialized knowledge of complex legal matters, including commercial broadcast and licensing rights and commercial and residential cable and satellite agreements." *Id.* Plaintiff's counsel has worked with Plaintiff since 2009, and has secured favorable outcomes and attorneys' fees awards in prior litigation. ECF No. 14-1 ¶ 12; *see also* ECF No. 14-1 at 22, 24, 28 (Exs. 4, 5, 6).

          ii.      Hours Reasonably Expended

Mr. Riley's Declaration details the hours worked by each person who aided in the litigation of Plaintiff's case. ECF No. 14-1, Riley Decl. at 7-10 (Ex. 1). Further, because Plaintiff seeks attorneys' fees to cover the fees charged by the investigators who aided in the litigation, the Declaration also includes copies of the checks paid to the investigators. ECF No. 14-1, Riley Decl. at 12-13 (Ex. 2).

Here, counsel for Plaintiff attests that his administrative assistant billed 7.60 hours at $110.00 per hour, totaling $836.00. ECF No. 14-1, Riley Decl., at 9. The firm's research attorney worked 3.50 hours at $300.00 per hour, totaling $1,050.00. *Id.* And Mr. Riley worked 2.25 hours at $550.00 per hour, totaling $1,237.50. *Id.*

Considering the tasks performed, the expertise of Mr. Riley and his colleagues, and the delegation of tasks among employees at the firm, the Court finds that the hours worked to secure Plaintiff a favorable result were reasonable.

The Court hereby **GRANTS** Plaintiff's motion and awards Plaintiff $3,123.50 in attorneys' fees.

      c.    *Award of Costs*

As noted above, section 605 directs courts to award recovery of attorneys' fees *and full* costs. 47 U.S.C. § 605(e)(3)(B)(iii). Here, Plaintiff seeks an award to cover the costs expended for the investigators who supported Mr. Riley's litigation efforts, providing the affidavits that proved the section 605 violations. ECF No. 14-1 at 7. The investigators were each paid at a rate of $650.00 per hour, and the fees totaled $1,300.00 for Point Blank Consulting (for two hours of work), and $650.00 for Taurus Investigations (for one hour of work). ECF No. 14-1 at 12-13. In other similar cases, courts in this district have awarded costs to cover investigative fees, and the Court finds no reason to withhold such an award here. *See* ECF No. 14 at 7; *G &G Closed Circuit Events, LLC v. Zarazua*, 20-cv-00988-DMS-MDD (S.D. Cal. July 20, 2021); *G&G Closed Circuit Events, LLC v. Paheco*, 3:18-cv-00462-BTM-AGS (S.D. Cal. July 25, 2019). Plaintiff's further costs include service process fees, and courier charges, totaling $519.10. ECF No. 14-1 at 9. Overall, the costs requested total $1,819.10. *Id.*

The Court finds that Plaintiff's requests for costs in the amount of $1,819.10 is reasonable and **GRANTS** Plaintiff's request.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion requesting $3,123.50 in attorneys' fees and $1,819.10 in costs.

**IT IS SO ORDERED.**

Dated: December 6, 2021

Hon. Gonzalo P. Curiel
United States District Judge